UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| JUAN GABRIEL JIMENEZ-TIZNADO, et al., | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 3: 08-32-DCR |
| V. | ) ) | |
| KEVIN SMITH, et al., | ) ) | **SCHEDULING ORDER** |
| Defendants. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, the Court adopts the following schedule for the disposition of this case:

(1)    Within ten (10) days of this date, the parties shall exchange information required by Rule 26(a)(1) which has not been previously exchanged.  These disclosures need not be filed in the Court record.

(2)    No later than **January 2,  2009**, the Plaintiff shall disclose the identity of expert witnesses who may be used at trial and written reports by the expert witnesses as required by Rule 26(a)(2) or, if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Federal Rule of Civil Procedure 26(a)(2)(B), counsel shall disclose such experts and written reports within thirty (30) days after the disclosure made by the other party.

No later than **February 2, 2009,** the Defendant shall disclose the identity of expert witnesses who may be used at trial and written reports by the expert witnesses as required by Rule 26(a)(2).

(3)    Supplementation under Rule 26(e) shall be due within thirty (30) days of the discovery of new information, but by no later than thirty (30) days prior ot the close of discovery.

(4)    No later than **August 3, 2009,** the parties shall complete all discovery, including discovery related to expert witnesses.  Unless subsequently modified by the Court, a maximum of thirty (30) Interrogatories and thirty (30) Requests for Admission may be served by each party on any other party.

(5)    Pursuant to 28 U.S.C. § 636(b)(1)(A), all discovery disputes are referred to United States Magistrate Judge James B. Todd for resolution.  Discovery disputes shall be resolved in the following manner:  (1) Parties shall first meet and/or confer in an attempt to resolve disputes between themselves, without judicial intervention; (2) if the parties are unable to resolve such disputes informally, they shall attempt to resolve their disagreement by telephone conference with the Magistrate Judge; (3) if, and only if, the parties are unable to resolve their disputes after conference with the Magistrate Judge, they may file appropriate written motions with the Court. Any written motion regarding discovery shall include the certification required by Rule 37(a)(2)(A), if applicable.

(6)    *All motions for extensions of time shall be referred to the undersigned for disposition.  The parties are advised in advance that such motions are not favored and must*

*be accompanied by a memorandum and affidavit of counsel outlining sufficient grounds for*
*granting the relief sought.*

(7)    No later than **April 1, 2009,** the parties shall file all motions to amend pleadings or join additional parties.

(8) No later than **September 1, 2009,** the parties shall file all dispositive motions, motions in limine and *Daubert* motions.

(9)    This case shall be assigned for a preliminary pretrial conference before United States Magistrate Judge James B. Todd  during the month of **October 2009**, at the United States Courthouse in Lexington, Kentucky.  The specific time and date of the preliminary pretrial conference shall be scheduled by the Magistrate Judge.  A final pretrial conference shall be scheduled by the Court if requested by the parties during the preliminary pretrial conference.

(10)    No later than fourteen (14) days prior to the preliminary pretrial conference, counsel shall file with the Clerk an original, shall submit a copy to the Court's chambers, and shall provide a copy to opposing counsel of the following.

(a)      pursuant to Rule 26(a)(3)(A), a witness list with a brief summary of the expected testimony of each witness; pursuant to Rule 26(a)(3)(B), the witness list shall include the designation of those witnesses whose testimony is expected to be presented by deposition with references to the pages and the questions to be presented; and, if the deposition was not taken stenographically, a transcript of the pertinent portions of the deposition testimony shall be attached to the witness list;

(b)    pursuant to Rule 26(a)(3)(C), a list of exhibits intended to be used at trial; and

(c)    a pretrial memorandum containing a succinct statement of the facts of the case, the questions of fact, the questions of law, expected evidentiary objections, and a listing of all pending motions.  The pretrial memorandum shall also indicate the progress of the case and status of settlement negotiations; the likelihood of settlement; and the feasibility of alternative dispute resolution.  Comments regarding the feasibility of alternative dispute resolution shall include the views of the parties on the method of resolution (*i.e.*, mediation, arbitration, settlement conference, summary jury trial, *etc.*).

(11)    No later than fourteen (14) days prior to the preliminary pretrial conference, counsel shall pre-mark all exhibits in accord with Rule 83.10 of the Joint Local Rules for the United States District Courts of the Eastern and Western Districts of Kentucky, with numbers in the order expected to be introduced at trial, and shall provide to opposing counsel copies of all such exhibits and of all demonstrative aids intended to be used at trial.

(12)    No later than fourteen (14) days prior to the preliminary pretrial conference, counsel shall file with the Clerk and shall submit to the Court a copy of the Agreed Proposed Jury Instructions with supporting authorities.  If the parties cannot agree on certain instructions, counsel shall file with the Clerk, shall submit a copy to the Court, and shall provide a copy to opposing counsel of their separately proposed instructions with supporting authorities.  Failure to submit jury instructions within the time provided may result in cancellation of the pretrial conference and trial dates.

(13)     No later than seven (7) days prior to the preliminary pretrial conference, counsel shall submit to the court an Agreed Statement of the Case suitable for reading to the prospective jurors on voir dire.

(14)     No later than seven (7) days prior to the preliminary pretrial conference, counsel shall file with the Clerk, shall submit a copy to the Court, and shall provide a copy to opposing counsel of any objections to the use of depositions or to the admissibility of exhibits pursuant to Rule 26(a)(3).  Objections not then disclosed, other than objections based on Federal Rules of Evidence 402 and 403, shall be deemed waived unless excused by the Court for good cause shown.

(15)     The above listed pretrial filings should be submitted to Judge Danny C. Reeves at reeves_chambers@kyed.uscourts.gov and to United States Magistrate Judge James B. Todd at james_b_todd@kyed.uscourts.gov.

(16)     No later than seven (7) days prior to the trial of this action, counsel shall submit to the Court's Chambers a copy of each documentary exhibit.

(17)     This action is assigned for trial by jury, on **December 1, 2009**, beginning at the hour of 9:00 a.m., at the United States Courthouse in Frankfort, Kentucky.  Counsel shall be in Court at 8:30 a.m. on that date.  The anticipated length of trial is **four (4)** days.

It is further **ORDERED** that this matter is referred to United States Magistrate Judge James B. Todd for the purpose of conducting a telephonic conference mid-way through discovery regarding progress of discovery and the feasibility of all deadlines and conducting a settlement conference within 30 days after disclosure of expert witness reports.  *However, the*

*parties are encouraged to contact the office of the Magistrate Judge if they believe an early*

*settlement conference would be beneficial.*

A separate order scheduling dates and times certain will issue from the magistrate judge.

This 6th day of November, 2008.



Signed By:

**Danny C. Reeves** DCR

**United States District Judge**